**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-cv-81636-ROSENBERG/REINHART**

THE HIGHLAND CONSULTING
GROUP, INC.,

      Plaintiff,

v.

JESUS FELIX MINJARES SOULE,

      Defendant.

_____/

<u>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE**</u>

      This matter comes before the Court on Defendant's Omnibus Motion in Limine.  DE 130. The Motion has been fully briefed and is ripe for the Court's review.  The Court has considered the parties' briefing and the record and is otherwise fully advised in the premises.  For the reasons set forth below, the Motion is **DENIED WITHOUT PREJUDICE**.

**I.  Plaintiff's Expert Witness**

      Defendant seeks to exclude the testimony of Plaintiff's expert Andrew Reisman.[1] Defendant argues that three reasons justify excluding Mr. Reisman's testimony.  First, Defendant contends that expert testimony on Mr. Reisman's area of expertise—metadata—will not be helpful to the jury.  A witness who is qualified as an expert may testify in the form of an opinion if, among other requirements, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a);

---

[1] Plaintiff states that it is unclear from Defendant's motion whether he seeks to exclude the entirety of Mr. Reisman's testimony or portions of the testimony.  As Defendant does not ask that only specific portions be excluded, the Court construes the Motion as seeking to exclude Mr. Reisman from testifying entirely.  Defendant concedes that Mr. Reisman qualifies as an expert for the purpose of identifying metadata.  DE 130 at 1.

*see also Knight ex rel. Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 808 (11th Cir. 2017) ("[E]xpert testimony assists the trier of fact if it concerns matters that are beyond the understanding of the average lay person." (quotation marks omitted)).  Whether expert testimony is helpful to a jury or, alternatively, is within the understanding of the average lay person involves a "common sense inquiry."  Fed. R. Evid. 702 Advisory Comm. Notes 1972 Proposed Rules (quotation marks omitted).

Courts have considered metadata an appropriate subject for expert testimony.  *See, e.g.*, *Kleiman v. Wright*, No. 18-cv-80176, 2020 WL 6729362, at *25-26 (S.D. Fla. Nov. 16, 2020); *U.S. v. Concepcion*, No. 16-20332-cr, 2017 WL 9440580, at *15 (S.D. Fla. Sept. 6, 2017); *Coquina Invs. v. Rothstein*, No. 10-60786-civ, 2011 WL 4949191, at *6 (S.D. Fla. Oct. 18, 2011).  The Court agrees that metadata is a matter beyond the understanding of the average lay person and therefore an appropriate subject for expert testimony.  The Court rejects this basis for the exclusion of Mr. Reisman's testimony.

Second, Defendant contends that Plaintiff intends to elicit speculative testimony from Mr. Reisman at trial.  The Court cannot, outside of the context of specific questions, evaluate whether Mr. Reisman may be called upon to provide speculative testimony.  To the extent that Defendant has an objection to a specific question posed to Mr. Reisman at trial, he may raise the objection at the appropriate time.

Third, Defendant contends that Mr. Reisman intends to testify as to the metadata of a certain presentation, but that presentation will be irrelevant at trial because it does not contain any trade secrets.  Defendant has not moved to exclude any presentation and so the Court has not, at this juncture, been called upon to rule on the relevancy of a presentation.  To the extent that

Defendant has an objection to the admission of specific evidence at trial, he may raise the objection at the appropriate time.  Defendant's Motion to exclude Mr. Reisman's testimony is denied.

As a final note on the subject of Mr. Reisman's testimony, Defendant states in his Motion that he concedes to the metadata of a certain electronic file.  DE 130 at 1.  In preparing for trial, the parties shall confer on the topic of whether they can agree to any stipulations to be read to the jury in lieu of the presentation of testimony or evidence.

## II.  Defendant's Communications With Subcontractors

Defendant seeks to exclude evidence of any communications between himself and Plaintiff's subcontractors relating to opportunities for the subcontractors to work for Surge Performance Group ("SPG"), a company for which Defendant may have begun to work after resigning his employment with Plaintiff.  He maintains that evidence of these communications is irrelevant, or will otherwise confuse the jury, because Plaintiff has not brought a claim against him for soliciting or hiring Plaintiff's subcontractors in violation of Paragraph 2.C of his Non-Disclosure, Non-Solicitation, and Compliance Agreement ("the Agreement").

Plaintiff has brought claims against Defendant for violating the Agreement by soliciting Plaintiff's clients and by providing consulting services to Plaintiff's clients following the resignation of his employment.  The Court can envision communications between Defendant and Plaintiff's subcontractors about working with him for SPG as being relevant to proving these claims.  Defendant has not identified any particular communications with any particular subcontractors that he seeks to exclude.  To the extent that he has an objection to a specific question or to the admission of specific evidence at trial, he may raise the objection at the appropriate time. To the extent that he believes the jury may be confused about which paragraphs of the Agreement he has been sued for violating, he may request that an appropriate clarifying instruction be read to

the jury.   Defendant's Motion to exclude evidence of his communications with Plaintiff's subcontractors is denied.

Defendant's Omnibus Motion in Limine [DE 130] is **DENIED**.  The Court's denial is **without prejudice** to enable Defendant to raise specific objections during trial in the context of particular questions or pieces of evidence.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 26thth day of August, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

4