UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 9:19-cv-81636-RLR**

THE HIGHLAND CONSULTING
GROUP, INC.,

       Plaintiff,

vs.

JESUS FELIX MINJARES SOULE,

       Defendant.

_____/

## ORDER ON MOTION TO RELEASE VEHICLES [ECF No. 466]

Plaintiff asks for an order directing the United States Marshal to release eight vehicles that were seized by writ of execution and sold at a public auction. Each vehicle is encumbered by a lien. Defendant opposes the release of the vehicles without requiring the liens to be satisfied. I held a hearing on November 30, 2022. For the following reasons, the Motion to Release Vehicles is GRANTED.

On February 8, 2022, a final judgement was entered in favor of Plaintiff and against Defendant for $1,200,000. ECF No. 250. To partially collect the judgment amount, Plaintiff obtained writs of execution for eleven vehicles; the vehicles were seized by the United States Marshal on August 13, 2022. ECF Nos. 428-437. A public sale was held on November 17, 2022. Eight vehicles were sold. ECF Nos. 468-474, 476. Plaintiff purchased seven of the vehicles. One was sold to a third party. As

Plaintiff acknowledged in its Motion and on the record at the November 30, 2022, hearing, the vehicles were sold subject to existing liens.

Federal Rule of Civil Procedure 69(a) governs enforcement of a money judgment through a writ of execution. Rule 69(a) incorporates state law procedures to the extent they are not superseded by a federal statute. Florida law requires the levying creditor to provide the U.S. Marshal with an affidavit that identifies third parties holding liens to the seized property. Fla. Stat. §56.27(4). Here, the Court also separately ordered Plaintiff to identify any lienholders. ECF No. 441. The U.S. Marshal then must notify the lienholders of the judicial sale of the property. Fla. Stat. §56.21.

Plaintiff asks that the U.S. Marshal issue a bill of sale for each vehicle and release physical custody of the vehicles to the purchasers. Defendant objects that the vehicles cannot be released until the liens are satisfied. He cites Florida Statutes §§319.22 and 319.24 for the proposition that a certificate of title cannot be issued at this time. ECF No. 467.

Defendant's argument conflates the ideas of ownership, possession, and legal proof of ownership. Each car was sold at auction. Someone agreed to buy it and has paid for it. That transaction transferred ownership of the car and is documented by a bill of sale. The buyer now owns the car (subject to any liens) and is entitled to physical possession of it.

Obtaining a certificate of title from the State of Florida (or some other jurisdiction) is a different question. The certificate of title is "legal evidence of a

person's ownership rights in property." TITLE, Black's Law Dictionary (11th Ed. 2019). Without a certificate of title, the purchasers of these vehicles may not be able to resell the car(s) without satisfying any liens. They may not be able to obtain insurance. They may not be able to legally drive the car(s). But, the lack of a certificate of title does not negate their ownership or their right of possession.

Defendant also argues, "There has been no verification that [the pre-sale statutory requirements] have been fulfilled in connection with the sale of the vehicles." ECF No. 467 at 3. Counsel for the Plaintiff represented at the hearing that she had filed the required affidavit, and said she understood that the sale had been properly noticed and that the lienholders were aware of the sale. Nevertheless, for the clarity of the record, the U.S. Marshal is directed to file in the Court record proof that the requisite affidavit was provided and that the Notices of Sale were timely published and provided to all lienholders. The Marshal may satisfy this requirement either by filing the actual documents in the record or by submitting a sworn declaration that these prerequisites were met. Upon the filing of this evidence, the cars shall be released to the purchasers along with a bill of sale.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of December 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE
3