UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-81636-CIV-Rosenberg/Reinhart

THE HIGHLAND CONSULTING GROUP, INC.,

        Plaintiff,

vs.

JESUS FELIX MINJARES SOULE,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR ATTORNEYS' FEES (ECF NO. 427)**

This matter is in the post-judgment collections phase following a jury verdict in favor of Plaintiff in the amount of $1.2 million. ECF Nos. 228, 250. On February 8, 2022, Plaintiff served Defendant with a debtor's fact information sheet (FIS). Defendant waited nearly two months to return the form; when he did so, it was unsworn and omitted critical information. ECF No. 336. On May 4, 2022, Plaintiff filed a motion to compel Defendant to provide a complete FIS. ECF No. 317. That motion was granted on May 24, 2022. ECF No. 349.[1]

In the meantime, Plaintiff attempted to collect on its judgment and served numerous writs of garnishment, to which Defendant objected and asserted statutory

---

[1] Defendant contends that he provided an amended FIS on May 27, 2022 (ECF No. 451 at 2), but it is not attached to his motion papers.

exemptions. On June 27, 2022, I held an evidentiary hearing on the then-pending disputes in the garnishment proceedings.[2]

Currently before me is Defendant's motion under Florida Statute § 222.061, which seeks to recover attorneys' fees in the amount of $7,702.50 relating to the litigation over the writs of garnishment. ECF No. 427. Defendant claims that he incurred these fees in maintaining a successful claim for exemption on a Citibank account (ending in 0229) that Defendant and his wife hold as tenants by the entirety (TBE), and a Fidelity Individual Retirement Account (IRA) (ending in 1519). *Id.*[3] I have reviewed Defendant's motion (ECF No. 427), Plaintiff's response (ECF No. 447), Defendant's reply (ECF No. 451), and other filings relevant to the garnishment proceedings. For the reasons stated below, I **RECOMMEND** that Defendant's motion for fees be **DENIED.**

## DISCUSSION

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory exceptions, such as Florida Statute § 222.061, which authorizes an award of attorney's fees and costs in garnishment proceedings as follows:

---

[2] At the time of the hearing, there were at least seven motions pending.

[3] During the evidentiary hearing, Plaintiff conceded that these accounts were exempt from garnishment. ECF No. 399 at 2.

> The party who successfully maintains his or her claim at the time of the evidentiary hearing may be entitled to reasonable attorney's fees and shall be entitled to costs. The costs shall include, but not be limited to, appraisal fees, storage fees, and such other costs incurred as a result of the levy.

Fla. Stat. § 222.061(6).

In his motion, Defendant contends that Citibank's answer to Plaintiff's writ of garnishment established that the account (ending in 0229) was held with his wife as TBE (ECF No. 281), and therefore, Plaintiff should have immediately dissolved the writ. Other than a fleeting reference, Defendant's motion does not provide any discussion regarding the Fidelity IRA.

Plaintiff counters that the Court should decline to award fees because Defendant's own conduct delayed dissolution of these writs of garnishment and necessitated the evidentiary hearing. ECF No. 447 at 4. According to Plaintiff, Defendant provided a "woefully deficient" debtor fact information sheet and "conceal[ed] relevant facts with regard to the accounts at issue." *Id*. at 2, 4. For example, Plaintiff was unable to confirm the source of the funds in the Citibank account until Defendant testified at the evidentiary hearing that it was a tax refund and explained that he changed ownership of the Citibank account to a TBE with his wife after the Court's entry of final judgment.[4] Similarly, Defendant's FIS "provided no information on his spouse" and so Plaintiff could not verify that he was legally

---

[4] The opening signature cards revealed that the Citibank account was not initially held as a TBE.

married. *Id.* at 2. At the evidentiary hearing Defendant and his wife testified to being married and their marriage license was introduced into evidence.

I find that Defendant's failure to provide a complete and sworn FIS in a timely manner weighs against an award of attorneys' fees. It was not unreasonable for Plaintiff to refuse to dissolve the writs of garnishment based on unsworn statements or the selective documents Defendant provided. Similarly, Defendant's FIS did not even disclose the Fidelity IRA. Once Plaintiff became aware of the IRA, it repeatedly asked Defendant to provide more information about the account (ECF No. 392-5, 392-16), but to no avail.

The Florida Statute makes clear that an award of attorneys' fees following a successful claim of exemption in a garnishment proceeding is entirely within the Court's discretion. Given Defendant's recalcitrance in providing adequate information before the evidentiary hearing, I decline to exercise that discretion in Defendant's favor.

In any event, as a practical matter Defendant's motion should be denied because the garnishment proceedings involved a variety of disputes and notwithstanding Defendant's proposed reductions to counsel's time (ECF No. 427 at n.2), I find that the attorneys' fees attributable to these two writs of garnishment cannot reasonably be parsed from the remainder of the issues in dispute.

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **DENY** Defendant's Motion for Attorneys' Fees. ECF No. 427.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 27th day of January, 2023 at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
United States Magistrate Judge