UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-81636-RLR

THE HIGHLAND CONSULTING
GROUP, INC.,

       Plaintiff,

vs.

JESUS FELIX MINJARES SOULE,

       Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO RELEASE VEHICLES [ECF No. 520]

Plaintiff asks for an order directing the United States Marshal to release eight vehicles that were seized by writ of execution and sold at a public auction on February 22, 2023. ECF No. 520. Each vehicle is encumbered by a lien. Several lienholders oppose releasing the vehicles. For the following reasons, it is RECOMMEMDED that the Motion to Release Vehicles be GRANTED IN PART and DENIED IN PART.[1]

On February 8, 2022, a final judgment was entered in favor of Plaintiff and against Defendant for $1,200,000. ECF No. 250. To partially collect the judgment amount, Plaintiff obtained writs of execution for eleven vehicles. ECF No. 355. Federal Rule of Civil Procedure 69(a) governs enforcement of a money judgment

---

[1] On June 10, 2022, Judge Rosenberg referred this case to me "for all non-dispositive matters and for a Report and Recommendation for any dispositive issues" ECF No. 373.

through a writ of execution. Rule 69(a) incorporates state law procedures to the extent they are not superseded by a federal statute.

Eleven vehicles were seized by the United States Marshal on August 13, 2022. ECF Nos. 428-438. A public sale was scheduled for February 22, 2023.[2] All known lienholders received notice before the auction.

Several lienholders intervened as parties. ECF Nos. 507 (TD Bank N.A.), 508 (Toyota Motor Credit Corp.), 511 (Drivrz Financial, LLC), 516 (Santander Consumer USA, Inc.). They disputed who should take possession of the vehicles after the sale if their liens were not satisfied.

The day before the auction was to happen, Drivrz Financial moved to postpone it. ECF No. 518. I denied the motion to postpone, but entered an Order preventing the United States Marshal from releasing the vehicles or the sales proceeds until further order of the Court. ECF No. 519. My purpose was to allow for an orderly process that could take into account what happened at the auction, including the sales prices for the vehicles and the identities of the purchasers.[3]

Eight vehicles were sold at the auction. ECF Nos. 522-529. Plaintiff purchased two — a 2020 Land Rover SE Defender and a 2017 BMW M2 — using credit bids.[4]

---

[2] An earlier auction had been held but was vacated because the lienholders had not received proper notice. ECF No. 497.

[3] For example, if a lienholder purchased the vehicle, or if the net sales proceeds exceeded the lien, the possession issue would be moot.

[4] "To 'credit bid' is, at a sale, to offset one's 'claim against the purchase price.'" *In re Fontainebleau Las Vegas Holdings, LLC*, 434 B.R. 716, 732 (S.D. Fla. 2010) (citation omitted). A credit bid is equivalent to full payment of the purchase price. "As a general rule an officer at an execution sale must sell the property bid for cash and has no

2

ECF No. 525, 529. Each of the other purchasers made a partial payment. ECF Nos. 522, 523, 524, 526, 527, 528. By separate order, I later extended the time for the purchasers to pay the balance of the purchase money. ECF No. 531, 546. The current deadline is March 17, 2023. ECF No. 546.

Immediately after the auction, Plaintiff filed the pending Motion to Release the vehicles to the purchasers. ECF No. 520. I ordered "any lienholder/intervenor who is asserting a current possessory interest in the vehicles to file a response to the motion by March 3, 2023." ECF No. 521. TD Bank, Drivrz Financial, and Toyota Motor Credit Corp. filed responses relating to five of the vehicles. Drivrz Financial asserts a current right to possess a 2019 Porsche Panamera. ECF No. 534. TMCC asserts a current right to possess (1) a 2020 Ford Mustang and (2) a 2017 Porsche Panamera. ECF No. 535. TD Bank asserts a current right to possess (1) a 2016 Aston Martin Vantage and (2) a 2017 BMW M2. ECF No. 532. The highest auction bidder on the 2020 Ford Mustang and the 2016 Aston Martin joined in the request to release the vehicles to the purchasers. ECF Nos. 530, 537.

On March 1, 2023, the auction purchasers paid the balances due on their winning bids for the following vehicles:

- 2016 BMW M4. ECF No. 545.

---

right to sell for credit, with the exception of a sale made to the judgment creditor who may credit the amount of his debt on the execution if the costs of the sale are paid." *Carantzas*, 352 So. 2d at 1262 (citing 33 C.J.S. Executions §217).

- 2017 Porsche Panamera. ECF No. 544.

- 2019 Porsche Panamera. ECF No. 543.

- 2021 Mustang Mach-E. ECF No. 542.

The auction bid balances due on the 2020 Ford Mustang and the 2016 Aston Martin Vantage have not been paid.

On March 8 and 9, 2023, TD Bank obtained writs of replevin from the Miami-Dade County Court for the 2016 Aston Martin Vantage and the 2017 BMW M2. ECF No. 541-1, 541-2, 547.

Finally, the following facts are not disputed: (1) the lienholders have perfected secured interests in the disputed vehicles, (2) none of the vehicles sold for more than the lien amount, (3) none of the lienholders purchased a vehicle at the auction. Moreover, nothing in the record demonstrates that any lienholder has foreclosed its security interest.

## DISCUSSION

Plaintiff asks that the United States Marshal issue a bill of sale for each vehicle and release physical custody of the vehicles to the purchasers. Intervenors argue that the vehicles should not be released until the liens are satisfied or alternatively that possession should be transferred to them.

I begin with several guiding principles. The auction sale does not extinguish pre-existing secured liens. *Altec Lansing v. Friedman Sound, Inc.*, 204 So. 2d 740, 741 (Fla. 3rd DCA 1967). The highest bidder at an execution sale acquires title upon full payment of the purchase price. *Flagship State Bank of Jacksonville v. Carantzas,*

4

352 So. 2d 1259, 1262–63 (Fla. Dist. Ct. App. 1977) (citing 33 C.J.S. Executions §289 (1942)). Once the purchase price is paid, the United States Marshal "shall execute and deliver to the purchaser a deed or bill of sale to the property." Fla. Stat. Ann. § 56.25 (West). Issuing the bill of sale is a ministerial, non-discretionary act. *In re Parker*, 630 B.R. 653, 670 (Bankr. S.D. Fla. 2021) (J. Grossman). The person holding title to property presumptively has the right to possession. *Delco Light Co. v. John Le Roy Hutchinson Properties,* 99 Fla. 410, 423, 128 So. 831, 836 (1930) ("[U]nless there has been some severance of the right of possession from the legal title, the holder of the title has the right of possession, as the general rule is that right of possession goes with ownership."). After a default, a secured party "may take possession of the collateral [only] (a) Pursuant to judicial process; or (b) Without judicial process, if it proceeds without a breach of the peace." Fla. Stat. §679.609.

To summarize, absent some other legal process, an auction bidder who has paid the full purchase price is entitled to physical possession of auctioned property, even if there is a lien on the property.

1. *2021 Ford Mustang, 2020 Land Rover, 2016 BMW M4*

No lienholder or non-purchaser has asserted a current right to possess the following three vehicles:

- 2021 Ford Mustang Mach-E
- 2020 Land Rover 110 SE Defender
- 2016 BMW M4

The outstanding balances due on the winning auction bids for the Mustang Mach-E and the BMW M4 have been paid. Plaintiff paid the auction price for the 2020 Land Rover 110 SE Defender using a credit bid.

Therefore, Plaintiff's Motion should be granted for these three vehicles, the U.S. Marshal should issue bills of sale to the purchasers, and the vehicles should be released to the purchasers, so long as all related costs have been paid. *See, e.g.,* Fla. Stat. §56.25 (requiring purchaser to pay cost of bill of sale).

2. *2019 Porsche Panamera*

Drivrz Financial asserts a current right to possess the 2019 Porsche Panamera. ECF No. 534. On March 1, 2023, the auction purchaser paid the balance due on the winning bid for this vehicle. ECF No. 543. On March 3, 2023, Drivrz Financial filed an affidavit dated March 2, 2023, and a bond in the amount of $130,064.00. ECF Nos. 534-5, 534-6. Drivrz Financial invokes Florida Statute 56.16, which says:

> If any person, including a person to whom a Notice to Appear has been issued pursuant to s. 56.29(2), other than the judgment debtor claims any property levied on, he or she may obtain possession of the property by filing with the officer having the execution an affidavit by the claimant, or the claimant's agent or attorney, that the property claimed belongs to the claimant and by furnishing the officer a bond with surety to be approved by the officer in favor of the judgment creditor in double the value of the goods claimed as the value is fixed by the officer and conditioned to deliver said property on demand of said officer if it is adjudged to be the property of the judgment debtor and to pay the judgment creditor all damages found against the claimant if it appears that the claim was interposed for the purpose of delay.

Fla. Stat. Ann. § 56.16. Under this statute, a third party claiming a right to seized property can file an affidavit with the seizing agency asserting the claim and also including a bond. Once these requirements are met, "the officer shall deliver the

6

property to the claimant and desist from any further proceedings under the execution until the right of property is tried." Fla. Stat. §56.17.

Drivrz Financial argues that it is entitled to immediate possession of the 2019 Porsche Panamera "based on the plain language of Florida Statute §56.16, which . . . fails to include any language regarding timing." ECF No. 534 at 5. It has filed an affidavit and bond that comply with the statutory requirements. ECF Nos. 534-5, 534-6.

Plaintiff argues that Drivrz Financial's attempt to invoke §56.16 is untimely. It cites *Caballero v. Fuerza Armadas Revolucionarios de Colombia,* No. 18-25337, 2023 WL 187685 (S.D. Fla. Jan. 15, 2023) for the proposition that a third party can invoke the procedures under §56.16 only prior to the auction sale. ECF No. 539 at 3.

*Caballero* involved a plaintiff's attempt to collect a judgment using writs of execution. Under the power of the writs, the plaintiff levied two pieces of real property that were titled in the third parties' names. Without notice to the third parties, a Marshals' sale occurred. Plaintiffs used a credit bid to purchase the properties. Third parties who claimed an interest in the real properties moved for an order restraining the plaintiff from further conveying the properties, to stay further execution and sales under the writs, and to set aside the prior sales. The Magistrate Judge recommended entering a restraining order and found that a bond was not required.

The plaintiff objected to the recommendation, including the refusal to require a bond. As relevant here, the Court said, "Florida law requires an affidavit and bond be posted after levy (or execution) but prior to the date of sale." *Id*. at *8 (citing Fla.

Stat. §§56.16-17). Noting that the sale had already occurred, the Court further said, "Plaintiff cites to no authority suggesting that such a bond is proper in this procedural posture. Based on a clear reading of the statute, and without any authority to support Plaintiff's position, the Court dismisses Plaintiff's objection." *Id.*

Here, Drivrz Financial's claim turns on the definition of "proceedings under the execution." Once an affidavit and bond are filed under Section 56.16, "the officer shall deliver the property to the claimant and desist from any further proceedings under the execution until the right of property is tried." Fla. Stat. §56.17. So, if all "proceedings under the execution" have already concluded, the filings under §56.16 are untimely and have no legal effect. On the other hand, if post-sale "proceedings under the execution" can still occur, the filings are timely and stay those additional proceedings. No party has cited a case interpreting the textual phrase "proceedings under the execution."

*Caballero* said that §56.16 had to be invoked, if at all, "prior to the date of sale." Therefore, it implicitly held that "proceedings under the execution" end when the sale is finalized, that is, when the purchase price is paid in full. This conclusion is consistent with the historical purpose of the writ of execution, which was to seize and sell a judgment debtor's property. 1 The Law of Debtors and Creditors § 6:49. Once the sale occurs, the purpose of the writ has been satisfied. As discussed above, payment of the full auction bid transfers title to the purchaser of the property. At that point, the debtor has been dispossessed of its property and the sales proceeds have been collected. All that remains are ministerial acts, such as, issuing the bill of

8

sale or deed, transferring physical possession of the property, and disbursing the auction proceeds. *See, e.g.,* Fla. Stat. §56.25, 56.27.

For all these reasons, Drivrz Financial's affidavit and bond are untimely. The U.S. Marshal should issue a bill of sale to the purchaser and release the 2019 Porsche Panamera to the purchaser so long as all related costs have been paid.

*3. 2020 Ford Mustang, 2017 Porsche Panamera*

Toyota Motor Credit Corp. asserts a current right to possess the (1) 2020 Ford Mustang and (2) 2017 Porsche Panamera. ECF No. 535. It does not cite any statutory authority that entitles it to possession of the vehicles. Its sole argument is "While Florida law generally provides that the purchaser at an execution sale takes title to the property subject to all prior liens, this typically refers to circumstances in which the subject property is immovable, such as a house or a parcel of land, and does not necessarily contemplate property that can be easily removed from the Court's jurisdiction." ECF No. 535 at 4. The cases it cites do not arise under Chapter 56, so they are not persuasive here.

On March 1, 2023, the auction purchaser paid the outstanding balance due on its winning bid for the 2017 Porsche Panamera. ECF No. 544. The U.S. Marshal should issue a bill of sale to the purchaser and release the 2017 Porsche Panamera to the purchaser so long as all related costs have been paid.

The auction purchaser has not yet paid the full winning bid for the 2020 Ford Mustang, so no bill of sale should be issued and the U.S. Marshal should not surrender possession to the purchaser.

*4. 2016 Aston Martin, 2017 BMW M2*

TD Bank asserts a current right to possess (1) a 2016 Aston Martin Vantage and (2) a 2017 BMW M2. ECF No. 532. On March 8, 2023, TD obtained Writs of Replevin Forthwith from the County Court in and for Miami-Dade County, Florida, for the 2017 BMW M2 and the 2016 Aston Martin. ECF No. 541-1, 541-2. In light of these writs, Plaintiff's Motion should be denied for these two vehicles. Although the writs prevent the auction purchaser from taking possession of the 2017 BMW M2, the full auction price of that vehicle has been paid, so the United States Marshal should issue a bill of sale to the purchaser. The full auction price of the 2016 Aston Martin has not been paid, so no bill of sale should be issued for that vehicle.

## RECOMMENDATION

WHEREFORE, it is RECOMMENDED that,

1. For the following vehicles, the Plaintiff's Motion should be GRANTED and the United States Marshal should issue a bill of sale to the buyer and release physical possession of the vehicle to the purchasers:

- 2021 Ford Mustang
- 2016 BMW M4
- 2020 Land Rover
- 2019 Porsche Panamera
- 2017 Porsche Panamera

Nothing in this Report and Recommendation precludes a lienholder from pursuing other legal process to obtain possession of one or more of these vehicles.

    2.    For the following vehicles, the Plaintiff's Motion should be DENIED:

- 2016 Aston Martin
- 2017 BMW M2
- 2020 Ford Mustang

A bill of sale should be issued for the 2017 BMW M2. Disposition of the vehicles should be controlled by the Writs of Replevin from the Miami-Dade County Court

    3.    The United States Marshal should retain all auction proceeds until further order of the Court and should file with the Court an accounting of the amounts it requests as reimbursable costs under Fla. Stat. §56.27(1) and/or 28 U.S.C. §1921(c)(1).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 9th day of March, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE