UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-CV-81636-ROSENBERG/REINHART

THE HIGHLAND CONSULTING GROUP, INC.

    Plaintiff,

v.

JESUS FELIX MINJARES SOULE,

    Defendant.
_____/

**MOTION TO QUASH OR, IN THE ALTERNATIVE,
FOR A PROTECTIVE ORDER**

Third Party, Wermuth Panell & Ortiz PLLC ("**WPO**"), hereby moves to quash the Subpoena To Produce Documents served upon it by the Plaintiff, The Highland Consulting Group, Inc. ("**Judgment Creditor**"), on October 6, 2023 (the "**Subpoena**"), or, in the alternative, for a protective order, as follows:

**Introduction**

The subpoena[1] should be quashed, as the final judgment has been satisfied. The subpoena should also be quashed, or a protective order should be entered, to the extent the subpoena remains overbroad and seeks irrelevant information despite the limitations agreed to by counsel for the Judgment Creditor.

Prior to the date of this motion, the Judgment Creditor acknowledged recovery of at least $904,198.66 of the $1.2 million final judgment, representing the sales proceeds from an apartment in Sunny Isles, the proceeds from the judicial auction of 8 vehicles, and the funds in a Fidelity

---

[1] A copy of the subpoena is attached hereto as Exhibit 1.

brokerage account (that were the subject of a competing claim by the Judgment Debtors' father, which dispute was settled). On October 20, 2023 (the date of this motion), the Defendant and judgment debtor, Jesus Felix Minjares Soule (the "Judgment Debtor") tendered payment of the remaining balance of the final judgment in this case (including interest)[2]. *See* Exhibit 2 hereto. Therefore, the subpoena should be quashed, as the final judgment has been satisfied.

The subpoena should also be quashed because it is overbroad and seeks irrelevant information, even after limiting the scope as agreed by counsel for the Judgment Creditor. Specifically, the subpoena continues to seek information unrelated to assets of the Judgment Debtor, and assets that have already been recovered by the Judgment Creditor.

## **Background**

1. On June 30, 2022, this Court issued an Order Memorializing Rulings, in which this Court found that "Plaintiff conceded that [the Judgment Debtor] has established that he is legally married and that the Citibank accounts (ending in 4270 and 0229) are jointly held by [the Judgment Debtor] and his wife [WPO] as tenants by the entirety, and thus, are exempt from garnishment." ECF No. 399, at 2.

2. On or about August 2022, the proceeds of the sale of the property held in the name of the Judgment Debtor, located at 19201 Collins Ave #543, Sunny Isles Beach, FL 33160, were collected by the Judgment Creditor.

---

[2] Please note that there is a dispute as to the balance, as the Judgment Creditor does not acknowledge a credit for the full sum of the bills of sale of the 8 vehicles sold at judicial auction in this case (ECF 522 – 529, 583-589), i.e., $39,000. The Judgment Creditor acknowledges only $33,195.10. *See* Exhibit 3 hereto. The Judgment Debtor tendered payment, under protest, based on the credit of only $33,195.10; therefore, the Judgment Debtor will be seeking the return of the difference, i.e., $5,804.90.

3. On February 22, 2023, 8 vehicles owned by the Judgment Debtor were sold at judicial auction, and the proceeds therefrom were subsequently recovered by the Judgment Creditor. *See* ECF 522 – 529, 583-589.

4. On or about May 2023, the Judgment Creditor collected the funds held in Fidelity Account No. ******9825, which were the subject of a competing claim by the Judgment Debtors' father, which dispute was settled.

5. As of October 3, 2023, the Judgment Creditor acknowledged recovery of at least $904,198.66 of the $1.2 million final judgment. *See* Exhibit 3.

6. On October 20, 2023, the Judgment Debtor tendered $296,108.76 to the Judgment Creditor, thereby satisfying the remaining balance of the final judgment in this case (including interest). As mentioned in footnote No. 2 above, the amount tendered is in excess of the amount actually owed by the Judgment Debtor.

7. Since entry of final judgment in this Action on February 8, 2022 [ECF 250], almost all docket entries in this case relate to assets of the Judgment Debtor and/or assets that have been seized, sold, or otherwise recovered by the Judgment Creditor. Moreover, in response to the Judgment Creditor's discovery requests, WPO has produced (on the Judgment Debtor's behalf) more than 4,000 documents. Nevertheless, the subpoena is so extensive that it seeks all the pleadings related to execution and all post-judgment production[3], including all documents regarding the assets that have already been liquidated or otherwise recovered by the Judgment Creditor, as well as all documents related to assets that this Court has already ruled to be exempt from execution, and documents that are not related to assets of the Judgment Debtor.

---

[3] This also includes the Judgment Creditor's production, as well as copies of third party production that WPO may have received from the Judgment Creditor.

8. As of the date of this motion, counsel for the Judgment Creditor has agreed to exclude from the scope of the subpoena the following:

    a) Documentation related to the 8 automobiles that were already seized and sold by the US Marshalls.

    b) Documentation related to the property located at 19201 Collins Ave #543, Sunny Isles Beach, FL 33160, which was sold and proceeds were collected by the Judgment Creditor.

    c) Documentation related to the funds held in Fidelity Account No. ******9825, which were collected by the Judgment Creditor through the settlement of the competing claim by the Judgment Debtors' father; except any communications with Anthem Advisors.

    d) The pleadings and documentation filed in this case, including the appellate proceedings.

    e) The documents that were already produced in response to prior discovery.

    f) Emails and communication with any attorney for the Judgment Creditor.

    g) Documentation prior to January 2019.

*See* Exhibits 4, 5, and 6 hereto.

### Unresolved Disputes Regarding Scope of Subpoena

Disputes regarding the scope of the subpoena that remain unresolved are as follows:

Request No. 9: All communications with Anthem Advisors regarding Jesus Felix Minjares Soule from February 8, 2022 to the present date. WPO objects to this request to the extent it (a) seeks information that it not related to assets of the Judgment Debtor, and (b) does not exclude

information related to assets that have already been recovered by the Judgment Creditor (as described above) – i.e., they are no longer assets of the Judgment Debtor.

Request No. 10: All communications with any investment advisor and/or banking institution regarding Jesus Felix Minjares Soule from February 8, 2022 to the present date. WPO objects to this request to the extent it (a) seeks information that it not related to assets of the Judgment Debtor, and (b) does not exclude information related to assets that have already been recovered by the Judgment Creditor (as described above) – i.e., they are no longer assets of the Judgment Debtor.

Request No. 11: All communications with the law firm of Fasi & DiBello regarding Jesus Felix Minjares Soule from February 8, 2022 to the present date. WPO objects to this request to the extent it (a) seeks information that it not related to assets of the Judgment Debtor, and (b) does not exclude information related to assets that have already been recovered by the Judgment Creditor (as described above) – i.e., they are no longer assets of the Judgment Debt.

## **Memorandum of Law**

"[A] subpoena duces tecum is not the equivalent of a search warrant, and should not be used as a fishing expedition to require a witness to produce broad categories of documents which the party can search to find what may be wanted." *Hatala v. Sustainable Concepts Dev., LLC*, 9:15-CV-81475, 2022 WL 2341234, at *5 (S.D. Fla. Apr. 25, 2022) (citing *Walter v. Page*, 638 So. 2d 1030, 1031 (Fla. 2d DCA 1994)). "By the plain language of Rule 26(b)(1), the proportionality factors (which include undue burden) limit what documents a requesting party may obtain, without regard for whether the request is to another party under Rule 34 or to a non-party under Rule 45." *Id*., at *2 (S.D. Fla. Apr. 25, 2022) (citing *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010)). Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery

5

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.... the party seeking to enforce a subpoena has the burden of demonstrating the information sought is relevant." *Fit Tea LLC v. Alani Nutrition LLC*, 6:23-MC-1-WWB-LHP, 2023 WL 2351657, at *1 (M.D. Fla. Mar. 3, 2023) (citing *Fadalla v. Life Auto. Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). Rule 69 addresses discovery related to the execution of money judgments, and allows for broad discovery against the judgment debtor; however, "without a particularized showing of necessity and relevance, courts typically limit the examination of third-parties to the judgment debtor's assets . . .." *Hatala v. Sustainable Concepts Dev., LLC*, 9:15-CV-81475, 2022 WL 2341234, at *3 (S.D. Fla. Apr. 25, 2022)(citing Bel Trading & Consulting, Ltd. v. KNM Worldwide Services, LLC, No. 14–22313–MC, 2014 WL 3865952, *2 (S.D. Fla. Aug. 6, 2014)).

The subpoena no longer seeks relevant information related to execution of the final judgment, as the final judgment has been satisfied. Even if the final judgment had not been satisfied, the disputed requests (as described above) are not limited to information related to assets of the Judgment Debtor that would otherwise remain subject to execution.

**WHEREFORE**, Third Party, Wermuth Panell & Ortiz PLLC., respectful requests that this Court quash the subpoena (to the extent not already limited by agreement of the Judgment Creditor) as regards Request Nos. 9, 10, and 11 or, should the Court decline to do so, to enter a protective order limiting the scope of Request Nos. 9, 10, and 11 to documents related to assets (of the Judgment Debtor) that have not already been recovered by the Judgment Creditor; and grant in favor of Third Party, Wermuth Panell & Ortiz PLLC, such further relief as this Court deems just and proper.

By: */s/ J. Michael Wermuth*
J. Michael Wermuth

6

>Fla. Bar No.: 50768
>Email: michael@wpolaw.com
>**WERMUTH PANELL & ORTIZ, PLLC**.
>1989 NW 88th Court, Suite 101
>Doral, Florida 33172
>Tel: (305) 715-7157
>Fax: (305) 715-8982
>*Attorneys for the Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF on October 20, 2023, on all counsel or parties of record.

>By: */s/ J. Michael Wermuth*
>J. Michael Wermuth