UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-CV-81636-RLR/BER

THE HIGHLAND CONSULTING GROUP, INC.,

    Plaintiff,

vs.

JESUS FELIX MINJARES SOULE,

    Defendant.

_____/

## OMNIBUS REPORT AND RECOMMENDATION ON MOTIONS FOR ATTORNEYS' FEES AND COSTS [ECF Nos. 641, 642, 643, 644]

In this case involving a split verdict, both parties ask for attorneys' fees and litigation costs. For the following reasons, it is RECOMMENDED that neither party be awarded its legal fees or trial costs, and that Plaintiff be awarded its appellate costs.

## I.   PROCEDURAL HISTORY

Plaintiff The Highland Consulting Group, Inc. ("Highland") sued Defendant Jesus Felix Minjares Soule in a three-count Complaint for violating the federal Defend Trade Secrets Act ("DTSA") (Count I) and for breaching a Non-Disclosure, Non-Solicitation and Compliance Agreement ("Non-Disclosure Agreement") (Counts II and III). ECF No. 1.

The Complaint said Mr. Minjares violated the Non-Disclosure Agreement in two different ways. It sought different remedies for those breaches. Count II asked

for an injunction because Mr. Minjares' was continuing to possess and use of Highland's confidential business information. ECF No. 1 at 12-14. Count III sought damages because Mr. Minjares was competing against Highland and soliciting its clients. *Id.* at 14-15.

Mr. Minjares denied the allegations, asserted multiple affirmative defenses, and filed a counterclaim for breaching an oral Employment Agreement ("the Counterclaim"). ECF Nos. 25, 135.

After a trial, the jury awarded Highland $1,200,000 in compensatory damages on Count I. ECF No. 228 at 4. In response to a special interrogatory, the jury found that Mr. Minjares was not liable for exemplary damages for willfully or maliciously misappropriating the trade secrets. *Id.* The jury found Mr. Minjares caused damages to Highland by violating the non-solicitation provisions of the Non-Disclosure Agreement; but, it also found Mr. Minjares had proven the affirmative defense that Highland materially breached the Employment Agreement. *Id.* at 5. On the Counterclaim, the jury found that Highland had breached the Employment Agreement but that Mr. Minjares did not suffer any damages. *Id.* at 6-7.

Final judgment was entered for Highland on Count I and on the Counterclaim; final judgment was entered for Mr. Minjares on Counts II and III. ECF No. 250. Both parties filed unsuccessful post-verdict motions for judgment as a matter of law. ECF Nos. 251 (Minjares), 252 (Highland). Both parties appealed. ECF Nos. 311 (Minjares), 316 (Highland). Highland later voluntarily dismissed its appeal of Counts II and III.

ECF No. 460. The Eleventh Circuit affirmed the final judgment on Count I. ECF No. 634.

## II.   RENEWED MOTIONS

Both parties filed post-trial motions for fees and costs. ECF Nos. 253, 254, 279, 280.  Judge Rosenberg denied them without prejudice to being renewed after the appeal. ECF No. 312.

Each party now asks to be awarded trial costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. §1920. Highland asks for (1) appellate costs under Fed. R. App. P. 39(a)(2), (2) trial and appellate attorneys' fees under the DTSA, (3) trial fees and costs for defending the Counterclaim, under Florida Statute §448.08, and (4) fees and costs related to judgment collection, under Florida Statute §57.115. Mr. Minjares asks for attorneys' fees under Florida Statute §57.105(7) for successfully defending Counts II and III.

In deciding whether a party is entitled to fees or costs, federal law applies to the DTSA claim (Count I) and Florida law applies to Counts II and III, and the Counterclaim. *Kipu Systems LLC v. Zencharts LLC,* 2021 WL 1891710 *2 (S.D. Fla. Apr. 6, 2021) (J. Torres).

## III.   LAW ON PREVAILING PARTY STATUS

To recover fees under the DTSA, costs under Rule 54(d)(1), or fees under Sections 448.08 or 57.105(7), the party must be the "prevailing party." Highland and Mr. Minjares dispute who prevailed. Federal law and Florida law apply different standards for whether someone is a "prevailing party."

A.  *Federal Law*

Under federal law, there is no prevailing party unless there has been a "material alteration of the legal relationship of the parties." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). And, that result must carry judicial imprimatur. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598, 605 (2001). A litigant can be a prevailing party even without succeeding on all of its claims. *Head v. Medford,* 62 F.3d 351, 354-55 (11th Cir. 1995) (citing *United States v. Mitchell,* 580 F.2d 789, 793–94 (5th Cir. 1978) (party can prevail by obtaining "judgment on even a fraction of the claims advanced.")).

The same "prevailing party" analysis applies whether the party is asking for attorneys' fees or costs. *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1377 (11th Cir. 2022). Where a federal rule or statute awards fees or costs to "the prevailing party," there can be *a* prevailing party or *no* prevailing party, but there cannot be *two* prevailing parties. *Royal Palm Properties,* 38 F.4th at 1377-80 (interpreting text of Rule 54(d)(1)).

A plaintiff has materially altered the legal relationship between the parties if it "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'" *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (citation omitted) (bracket in original). A defendant prevails "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST Van*

*Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016); *see also Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1298-99 (11th Cir. 2021) (involuntary dismissal for failure to state a claim was sufficient to make defendant a prevailing party).

A party who gets an enforceable judgment is a "prevailing party" because it "has received at least some relief based upon the merits of a claim." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (citation omitted).

### B.  Florida Law

Under Florida law, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992).  "The Florida Supreme Court has emphasized a flexible approach that gives the trial courts broad discretion in determining which party is the prevailing party[.]" *Skylink Jets, Inc. v. Klukan*, 308 So. 3d 1048, 1053–54 (Fla. Dist. Ct. App. 2020).

Generally, under Florida law, there must be a prevailing party in a breach of contract case. *See Lucite Center, Inc. v. Mercede,* 606 So. 2d 492 (Fla. Dist. Ct. App. 1992). But, Florida courts have recognized exceptions to this general rule. For example, there is no prevailing party if (1) both contracting parties are at fault, *KCIN, Inc. v. Canpro Invs., Ltd.,* 675 So. 2d 222, 223 (Fla. Dist. Ct. App. 1996) ("A rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the contract."), (2) neither party recovers against the other, *Lasco Enterprises, Inc. v. Kohlbrand,* 819 So. 2d 821, 826 (Fla. Dist. Ct. App. 2002); *Baldoria v. Security Realty Investment, Inc.*,

581 So. 2d 189, 191 (Fla. Dist. Ct. App. 1991); (3) both parties are awarded damages for breaching the same agreement, *Lewis Oil Co. v. Milliken,* 711 So. 2d 636, 637 (Fla. Dist. Ct. App. 1998); *see generally, Trytek v. Gale Industries, Inc.,* 3 So. 3d 1194, 1203-04 nn. 12, 13 (Fla. 2009) (discussing cases holding that no prevailing party exists). So, "an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing party fees." *KCIN, Inc. v. Canpro Invs., Ltd.*, 675 So. 2d at 223.

Florida law also recognizes situations with more than one prevailing party. *See, e.g., Avatar Dev. Corp. v. DePani Const., Inc.*, 883 So. 2d 344, 346 (Fla. Dist. Ct. App. 2004) (awarding fees to different prevailing parties in a contract action). "Florida law permits more than one prevailing party in a lawsuit where each of the claims that support an attorney's fees award is separate and distinct. Multiple claims within a lawsuit are separate and distinct if they can support an independent action and are not simply alternative theories of liability for the same wrong.'" *Martinair Holland, N.V. v. Benihana, Inc.*, 815 F. App'x 358, 361 (11th Cir. 2020) (citing *Leon F. Cohn, M.D., P.A. v. Visual Health and Surgical Ctr., Inc*., 125 So. 3d 860, 863 (Fla. Dist. Ct. App. 2013) (internal citation omitted)).

In sum, "Florida law . . . provides that where both parties prevail or succeed on their claim, a trial court does not abuse its discretion in finding no prevailing party." *Ctr. for Individual Rts. v. Chevaldina*, No. 21-13453, 2022 WL 4462246, at *5 (11th Cir. Sept. 26, 2022) (citing *Tyrek, supra,* and *Brevard Cnty. Fair Ass'n v. Cocoa Expo, Inc.,* 832 So. 2d 147, 151 (Fla. Dist. Ct. App. 2002).

## IV.    WHO PREVAILED?

*A.  Attorneys' Fees for Counts II and III*

1.  <u>Legal Principles</u>

Florida Statute 57.105(7) says, "If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."

2.  <u>Parties' Arguments</u>

Mr. Minjares asks for $563,487.89 in attorneys' fees. ECF No. 643 at 5.

The Non-Disclosure Agreement contained a non-reciprocal attorneys' fee provision that said:

> [Mr. Minjares] acknowledges that any breach of this agreement will cause irreparable harm to Highland and entitle Highland to injunctive or other equitable relief, as well as damages. Damages shall include, but are not limited to, [Mr. Minjares'] payment of the court costs and reasonable attorney's fees incurred by Highland to enforce this Agreement.

ECF No. 241-4 at 2. Invoking Section 57.105(7), Mr. Minjares asks for $563,487.89 in fees under the Non-Disclosure Agreement because judgment was entered in his favor on Counts II and III. ECF No. 643 at 4-5.[1]

Mr. Minjares argues that Section 57.105(7) applies because "both Florida's and Maryland's conflicts of law principles provide that the validity, effect, and

---

[1] I address below Mr. Minjares' request for prevailing party costs on Counts II and III under Rule 54(d)(1). ECF Nos. 642 at 2; 656 at 1-2.

interpretation of the Agreement are governed by the law of the place where the last act necessary to complete the contract was performed," which was Florida. ECF No. 643 at 3. In the alternative, he argues, "even if Maryland law applied, it would apply only for purposes of the determination of the nature, validity, and interpretation of the Agreement; whereas, remedies for breach of the Agreement are governed by the law of the forum." *Id.*  As a second alternative, he argues that this Court should invoke a "blue pencil" rule under Maryland law to make the Non-Disclosure Agreement's fee-shifting provision reciprocal. *Id.*  at 4.

Highland responds that Maryland law governs the Non-Disclosure Agreement and does not entitle Mr. Minjares to attorneys' fees. ECF No. 650. In the alternative, Highland says that Mr. Minjares cannot recover under Section 57.105(7) because he was not the prevailing party. *Id*. at 12-15. Finally, Highland argues that Mr. Minjares cannot recover fees incurred by the Norton Rose Fulbright law firm because those fees were for the benefit of a third party. *Id*. at 15-19.

Mr. Minjares replies that even under Maryland law, the Court applies Florida law to decide whether he is entitled to fees on Counts II and III. ECF No. 657. He further says that Norton Rose Fulbright represented him, so their fees are recoverable. *Id*.

3.  Analysis

Mr. Minjares is the prevailing party on these state law claims because final judgment was entered in his favor. These claims were factually separate and distinct

8

from the Counterclaim. Counts II and III arose under the Non-Disclosure Agreement. The Counterclaim arose under a separate oral Employment Agreement.

When a federal court exercises subject matter jurisdiction over state law claims, "it must apply state substantive law." *Del Valle v. Sanchez*, 170 F. Supp. 2d 1254, 1273 n.22 (S.D. Fla. 2001) (J. Gold) (citing *Lundgren v. McDaniel,* 814 F.2d 600, 605 (11th Cir. 1987). In some situations, the laws of the state where the lawsuit is pending (the forum state) may say that the substantive laws of a non-forum state supply the rule of decision. *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.,* 550 F.3d 1031, 1033 (11th Cir. 2008) (Courts apply "the choice of law rules of the forum state to determine which substantive law governs the action.") (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (diversity jurisdiction); *see also Glennon v. Dean Witter Reynolds, Inc.,* 83 F.3d 132, 136 (6th Cir. 1996) (supplemental jurisdiction) *cited in Benchmark Med. Holdings, Inc. v. Rehab Sols., LLC,* 307 F. Supp. 2d 1249, 1259 (M.D. Ala. 2004).[2] For example, in contract cases unrelated to the conveyance of an interest in real property, "Florida courts traditionally have applied the doctrine of *lex loci contractus.*" *U.S. Fid & Guar. Co.,* 550 F.3d at 1033. Under that doctrine, the laws of the jurisdiction where the contract was executed govern issues relating to execution, interpretation, and validity of a contract. *In re Est. of Nicole Santos*, 648 So. 2d 277, 280 (Fla. Dist. Ct. App. 1995). Maryland also applies *lex loci contractus. Allstate Ins. Co. v. Hart,* 327 Md. 526, 529 (1992).

---

[2] The Complaint alleges that subject matter jurisdiction exists "over Highland's state law claims under 28 U.S.C. §1367." ECF No. 1 ¶17. The Counterclaim alleges diversity jurisdiction and supplemental jurisdiction. ECF No. 25 ¶¶ 5,6.

Regardless of the forum state's choice-of-law doctrines, parties to a contract can agree on which state's laws will apply if they have a dispute. Contractual choice-of-law provisions are enforceable under Florida law "unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.,* 761 So. 2d 306, 311 (Fla. 2000).

Here, the parties contracted to have the Non-Disclosure Agreement "governed by and construed in accordance with" Maryland law. Maryland does not have an analog to Section 57.105(7). Therefore, under multiple Florida appellate decisions, if the Non-Disclosure Agreement's choice-of-law provision is enforceable, Mr. Minjares cannot recover fees under Section 57.105(7), even if he is the prevailing party.

This specific situation was decided in *Walls v. Quick & Reilly, Inc.,* 824 So. 2d 1016 (Fla. Dist. Ct. App. 2002). The plaintiff sued its stockbroker for breaching their brokerage agreement. The brokerage agreement "provided that New York law would govern the agreement's terms and the arbitration of any controversy arising therefrom." *Id.* at 1017. It also allowed the broker "to recover their attorney's fees incurred for any collection action against the account holder." *Id.* It did not authorize the account holder to recover attorneys' fees if there was a dispute over the agreement. New York law did not have an analog to Section 57.105(7) that made the fee-shifting provision reciprocal as a matter of law.

After the account holder prevailed in the breach of contract action, it asked for attorneys' fees under Section 57.105. The Fifth District Court of Appeal rejected this request. It held that the choice of law provision was enforceable and did not violate

strong Florida public policy. So, New York law applied, not Section 57.105, and the plaintiff was not entitled to prevailing party fees. *Walls*, 824 So.2d at 1018-20. *See also James Ventures, L.P. v. TIMCO Aviation Servs., Inc.*, 403 F. App'x 425, 426 (11th Cir. 2010) (Section 57.105(7) did not apply to a promissory note that had a New York choice-of-law provision).

*Walls* cited to the Fourth District Court of Appeal's decision in *Precision Tune Auto Care, Inc. v. Radcliffe*, 815 So. 2d 708, 710 (Fla. Dist. Ct. App. 2002), which held that the predecessor to Section 57.105(7) did not apply to a franchise agreement that contained a Virginia choice-of-law clause. The agreement called for the franchisee to pay the franchisor's attorney's fees and costs for enforcing the agreement. The fee-shifting provision was not reciprocal. The franchisee won at trial and then sought an attorneys' fee award under Section 57.105.

The Court denied any fee award. It said, "The parties' contract provided that it was to 'be interpreted and construed under the laws' of Virginia, the home state of Precision. Virginia law does not rewrite a contract by transforming a unilateral attorney's fee provision into one applicable to the other party to the contract." *Id.* The court also "detect[ed] no Florida policy which would override the parties' ability to freely contract on the issue of attorney's fees." *Id.*

In *Fla. First Fin. Servs., LLC v. Randolph*, 350 So. 3d 820, 822 (Fla. Dist. Ct. App. 2022), the parties contracted to apply Alabama law. The First District Court of Appeal refused to apply Section 57.105 to make the contract's fee-shifting provision reciprocal. It said, "Alabama law, which does not contain a 'statute that transforms

11

the one-sided provision into a reciprocal provision,' is dispositive of Appellees' entitlement to fees under the contract." *Id.* at 825 (citation omitted).[3]

In sum, Mr. Minjares cannot recover attorneys' fees under Section 57.105(7).

*B. The Counterclaim*

1. Legal Principles

Florida Statute §448.08 allows a prevailing party in a wage lawsuit to recover costs and attorney's fees. It says, "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

2. Parties' Arguments

Highland asks for attorneys' fees under Section 448.08 because the jury awarded no damages on the Counterclaim.[4] Highland also asks for $6420 in costs for trial support. ECF No. 644 at 20 (citing ECF No. 644-11). Highland argues that it prevailed on the Counterclaim because "judgment was entered in favor of Highland

---

[3] In support of his argument that, even if Maryland law governs the interpretation of the Non-Disclosure Agreement, the remedies are governed by the laws of Florida, Mr. Minjares cites *Walter Int'l Prods., Inc. v. Salinas,* No. 07-20136-CIV, 2009 WL 9113379, at *4 (S.D. Fla. Oct. 26, 2009) (J. Seitz), *aff'd,* 650 F.3d 1402 (11th Cir. 2011). In that breach of contract case, Judge Seitz held that Florida law governed "the nature of damages recoverable," even though Puerto Rico law applied to whether a breach had occurred. *Id.* & n.6; *see also Zim v. Western Pub. Co.,* 573 F.2d 1318,1326 n.15 (5th Cir. 1978) ("[Q]uestions of remedies for breach of contract are governed by the law of the forum."). Mr. Minjares' argument fails because Section 57.105(7) is not a remedy for a breach of contract. It is a remedy for an unsuccessful lawsuit to enforce a contract.

[4] Highland's Motion for Attorney's Fees and Costs argued that the Counterclaim was an action for unpaid wages falling under Section 448.08. ECF No. 644 at 13. Mr. Minjares' Response did not contest this conclusion. ECF No. 652 at 13-14.

and Minjares did not obtain monetary relief from this Court." ECF No. 654 at 7; *see* ECF No. 654 at 7-8.

Mr. Minjares responds that Highland does not qualify as a prevailing party under Florida law because the jury found a breach of the Employment Agreement, even though it awarded no damages. ECF No. 652 at 13-14. Alternatively, Mr. Minjares argues that the Court should exercise its discretion and decline to award attorneys' fees under this statute. *Id.*

3. Analysis

A series of Florida cases have held that a party can "prevail" on a legal claim if there is finding of liability without damages. *Khodam v. Escondido Homeowner's Ass'n,* 87 So. 3d 65 (Fla. Dist. Ct. App. 2012); *Hardeman Landscape Nursery, Inc. v. Watkins,* 290 So. 3d 574, 576 (Fla. Dist. Ct. App. 2020); *Green Companies, Inc. v. Kendall Racquetball Inv., Ltd,* 658 So. 2d 1119, 1121 (Fla. Dist. Ct. App. 1995). *But, c.f. Perera v. Genovese,* 345 So. 3d 882, 891 (Fla. Dist. Ct. App. 2022) (rejecting rule "that a determination of a breach of contract, standing alone, always carries with it the finding that the non-breaching party is the prevailing party for the purpose of awarding attorney's fees and costs.").

Applying these legal principles, Highland was not the prevailing party on the Counterclaim. The jury found that Highland breached the Employment Agreement. Highland, alone, was at fault for the breach. If no one prevails when both contracting parties are at fault, then it would be unjust to treat the party solely at fault as the prevailing party, even if that breach results in no economic damages. *KCIN, supra.*

13

For these same reasons, I would exercise my discretion to deny Highland fees on the Counterclaim even if it were a prevailing party under Florida law.

### C. Count I – DTSA

1. <u>Legal Principles</u>

The DTSA authorizes the Court to "award reasonable attorney's fees to the prevailing party" if its trade secret "was willfully and maliciously misappropriated." 18 U.S.C. §1836(b)(3)(D).  Any trade secret misappropriation requires proof that (1) a trade secret existed, (2) the defendant knew or should have known that the trade secret was obtained using improper means, (3) the trade secret was acquired in violation of a duty to maintain its secrecy. 11th Cir. Pattern Jury Instruction (Civil) 11.1. If these are the elements of every misappropriation, then logically a willful and malicious misappropriation requires more. How much more is unclear.

Congress enacted the DTSA in 2016 to supplement state laws that were based on the Uniform Trade Secrets Act (UTSA) and to provide a uniform federal standard. *Syntel Sterling Best Shores Mauritius Ltd. v. The TriZetto Grp., Inc.*, 68 F.4th 792, 807 (2d Cir.) (One of the DTSA's main intended benefits was that it would provide a "single, national standard for trade secret misappropriation with clear rules and predictability for everyone involved."), *cert. denied*, 144 S. Ct. 352 (2023). The attorneys' fee provision was "modeled on Sec. 4 of the UTSA." S. Rep. 114-220 (114th Congress 2d Session, March 7, 2016) at *9; H. Rep. 114-529 (114th Congress, 2d Session, April 26, 2016) at *207. So, Courts generally interpret the DTSA consistent with its state law analogs. *See Compulife Software Inc. v. Newman*, 959 F.3d 1288,

1311 n.13 (11th Cir. 2020) (applying Florida UTSA standard for misappropriation to DTSA).

Neither the DTSA nor the UTSA defines "willful" or "malicious." *Behav. Analyst Certification Bd., Inc. v. Rodriguez*, No. 1:21-CV-22834, 2022 WL 4468606, at *11 (S.D. Fla. July 29, 2022) (J. Goodman), *report and recommendation adopted as modified,* No. 21-22834-CIV, 2022 WL 4466621 (S.D. Fla. Sept. 26, 2022); *Hurry Fam. Revocable Tr. v. Frankel,* No. 8:18-CV-2869-T-33CPT, 2019 WL 2868945, at *4 (M.D. Fla. July 3, 2019).

Each of these terms has been defined multiple ways in other contexts. For example, under the Bankruptcy Code, a debt is not dischargeable if it caused "willful and malicious injury." 11 U.S.C. § 523(a)(6). Proof of willfulness under this statute requires "a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another [and] 'malicious' means 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will' . . . Malice may be implied or constructive. In other words, "a showing of specific intent to harm another is not necessary." *In re Walker*, 48 F.3d 1161, 1163-64 (11th Cir. 1995) (citations omitted).

In the employment law context, conduct is willful if the party "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993) (applying ADEA); *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008) (FLSA). Under the Copyright Act, infringement is "willful" if the infringer knew he was

violating another's copyright or recklessly disregarded that possibility. 11th Cir. Pattern Jury Instruction (Civil) 9.32. For criminal statutes, willfully generally means "that an act was committed voluntarily and purposely, with the intent to do something the law forbids." 11th Cir. Pattern Jury Instruction (Criminal) B9.1A.

Under generic arson statutes (including Florida's), malicious means "that state of mind which actuates conduct injurious to others without lawful reason, cause or excuse." *Edwards v. United States,* No. CV 16-22585-CIV, 2017 WL 1534448, at *3 (S.D. Fla. Apr. 28, 2017) (J. Scola) (citations omitted), *aff'd,* 733 F. App'x 526 (11th Cir. 2018). Under the federal arson statute, it means, "acts done 'intentionally or with willful disregard of the likelihood that damage or injury would result.'" *United States v. Morrison,* 218 F. App'x 933, 941 (11th Cir. 2007) (citation omitted).

As Magistrate Judge Goodman has explained: Although neither the DTSA nor the FUTSA define the terms willful and malicious, "[i]n the civil context, statutes that require 'willful' behavior are generally interpreted to permit a finding of liability when the complained of behavior is 'knowing or reckless.'" *Costa v. Datapro, Inc.*, No. 10-23172-CIV, 2012 WL 591307, at *3 (S.D. Fla. Feb. 22, 2012).

2. Parties' Arguments

Highland asks for $450,165.90 for trial court fees, ECF No. 644 at 15, and $92,293.50 in appellate fees. ECF Nos. 644-6 at 5.[5] Highland argues that Mr.

_____

[5] Highland initially argued it was the prevailing party because it won on the central issue in the case. ECF Nos. 641 at 2, 644 at 7-8. This argument relied on an outdated legal standard. *Royal Palm Properties,* 38 F.4th at 1381 n.7. ("[T]he Supreme Court rejected the 'central issue' test in *Garland,* and courts should thus no longer use the

Minjares acted willfully and maliciously, and that it is the prevailing party under the DTSA because it obtained a final judgment for $1,200,000 on that claim, which materially altered the relationship between the parties in Highland's favor. ECF No. 659. It further argues that Mr. Minjares cannot be the prevailing party for purposes of Rule 54(d) costs because he did not obtain relief on the merits of Count I nor was the relationship between the parties altered in his favor. *Id.* at 2-3 Finally, Highland says that it is the prevailing party even considering both the federal and state claims because it prevailed on the significant issues in the totality of the litigation. *Id.* at 3-4.

Highland cites *Mattern & Assoc. LLC v. Seidel,* 678 F. Supp. 2d 256 (D. Del. 2010), which applied the DUTSA definition of willfulness as "an awareness, either actual or constructive, of one's conduct and a realization of its probable consequences" and of malice as "ill-will, hatred or intent to cause injury." *Id.* at 271 (citation omitted).

Highland also cites *Advanced Fluid Sys., Inc. v. Huber,* 295 F. Supp. 3d 467 (M.D. Pa. 2018), *aff'd,* 958 F.3d 168 (3d Cir. 2020) and *Mifflinburg Tel. Inc. v. Criswell,* 277 F. Supp. 3d 750, 807 (M.D. Pa. 2017), cases under the Pennsylvania UTSA. That statute defined "willful and malicious" misappropriation as:

> Such intentional acts or gross neglect of duty as to evince a reckless indifference of the rights of others on the part of the wrongdoer, and an

---

test in their prevailing party determinations."). The Court allowed the parties to brief the correct standard. ECF No. 658.

entire want of care as to raise the presumption that the person at fault
is conscious of the consequences of his carelessness.

295 F. Supp. 3d at 493; 277 F. Supp. 3d at 807 (both citing 12 Pa. C.S. §5302).

Highland says the Court should apply a three-part test in deciding if Mr.
Minjares acted willfully and maliciously: (1) the duration of the misappropriation, (2)
Mr. Minjares' consciousness of the resulting injury, and (3) any efforts by Mr.
Minjares to cover up his malfeasance. ECF No. 659 at 4 (citing *Advanced Fluid Sys.,*
295 F. Supp. 3d at 493-496.

Mr. Minjares responds that there was no willful or malicious conduct, as
evidenced by the jury's refusal to award exemplary damages on Count I. ECF Nos.
652 at 5-11, 652-6 at 6. He also says he prevailed on Counts II and III, so even if
Highland is the prevailing party on Count I, there is no overall prevailing party for
purposes of fees and costs. ECF No. 660 at 2-3.

Mr. Minjares says the Court should apply definitions from Black's Law
Dictionary in deciding whether his conduct was willful and malicious. ECF No. 660
at 4. He says willful behavior "involves conscious wrong or evil purpose . . . or at least
inexcusable carelessness" and that malicious behavior is "[s]ubstantially certain to
cause injury [and] [w]ithout just cause or excuse." He also notes that Florida law
requires a willful and malicious misappropriation to be "wrongful, without just cause,
and deliberately committed with the intent to cause [Plaintiff] injury." ECF No. 660
at 4 (bracket in original) citing *Universal Physicians Services, LLC v. Del Zotto,* 8:16-
CV-1274-T-36JSS, 2017 WL 343905 at *3 (M.D. Fla. Jan. 6, 2017) *report and
recommendation adopted* 2017 WL 320964 (M.D. Fla. Jan 23, 2017); *see also Fin. Info.*

*Techs., LLC v. iControl Sys., USA, LLC,* 21 F.4th 1267, 1275 (11th Cir. 2021) (Under Florida UTSA, Fla. Stat. § 688.004(2), plaintiff can receive exemplary damages (because of a willful and malicious misappropriation) if "the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.") (citing *Perdue Farms Inc. v. Hook*, 777 So. 2d 1047, 1053 (Fla. Dist. Ct. App. 2001)).

Highland replies that the jury verdict is not controlling because (1) the Court reserved the issue of attorneys' fees until after the trial, and (2) the jury's decision is not conclusive because the jury instruction said that exemplary damages were discretionary. Highland says the Court should now make an independent assessment of whether Mr. Minjares acted willfully and maliciously.

3.  Analysis

a.  Preclusive Effect of the Jury Verdict

Mr. Minjares argues that the jury's special interrogatory on exemplary damages is conclusive of whether he willfully and maliciously misappropriated Highland's trade secrets. I disagree.

I find that for purposes of the DTSA, conduct crosses the willfulness/malice line when it is done with the intent to harm the trade secret holder beyond the mere loss of the trade secret or with reckless disregard that that kind of harm will occur.

The jury was asked the question, "What, if anything, do you the Jury award to the Highland Consulting Group, Inc. in exemplary damages as a result of Jesus Felix

Minjares Soule's misappropriation of trade secrets?" It answered, "$0.00." ECF No. 228 at 5 ¶11.

The jury had been instructed, "If you find that Jesus Felix Minjares Soule has engaged in willful and malicious misappropriation of the trade secret, you *may* award exemplary damages, that is, damages meant to make an example of Jesus Felix Minjares Soule. Exemplary damages may be awarded in an amount not more than two (2) times the amount awarded for compensatory damages (i.e., the amount awarded for actual damages plus unjust enrichment)." ECF No. 233 at 17 (emphasis added). The jury was not given instructions on the definition of "willful" or "malicious." The jury also was not separately asked the predicate question of whether Mr. Minjares' conduct was willful and malicious. *C.f., TB Food USA, LLC v. Am. Mariculture, Inc.*, No. 2:17-CV-9-FTM-29NPM, 2022 WL 3028061, at *17 (M.D. Fla. Aug. 1, 2022) ("the jury found that API and Mr. Pearl had willfully and maliciously misappropriated one or more of Primo's trade secrets, but awarded no exemplary damages.").

The jury verdict did not necessarily decide whether Mr. Minjares acted willfully and maliciously. Under preclusion principles, an issue is conclusively resolved only if it was necessarily decided in the prior proceeding. *See, e.g., United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006). By analogy, the same concept applies here. The jury verdict is ambiguous about whether it found willful and malicious conduct. The jury might have found that Mr. Minjares acted willfully and maliciously but awarded no damages. Or, it might have found that he did not act

willfully and maliciously. The verdict is consistent with both scenarios, so the issue was not conclusively decided. In contrast, if the jury had awarded exemplary damages, it would necessarily have decided the issue.[6]

     b. <u>Willful and Malicious</u>

In its Renewed Motion, Highland said Mr. Minjares' willful and malicious misappropriation was evidenced by the following facts: (1) he misappropriated their trade secrets, (2) he disobeyed the Court's order to return misappropriate trade secrets, (3) he lost on Count I, (4) he filed an unsuccessful appeal, (5) he failed to disclose his automobiles. ECF No. 644 at 3-6. Several of these facts have nothing to do with the misappropriation because they post-date it. In its Supplemental Brief, Highland relied on the scope and duration of the misappropriation, the lack of any evidence of mistake or negligence, and Minjares' attempts to cover up the misappropriation. ECF No. 659 at 6-9.

Mr. Minjares responds that Highland had already lost its client before any misappropriation and that Mr. Minjares in good faith believed the materials he kept were not trade secrets. ECF No. 660 at 6-7.

I need not resolve the precise legal standard that applies, nor is it necessary to delve deeply into the facts of the case. The jury's special interrogatories are sufficient

---

[6] Because I find that the jury's verdict does not preclude the Court from deciding Highland's entitlement to attorneys' fees under the DTSA, I need not address Highland's argument that the Court reserved this issue for itself when it ruled, pretrial, that the jury could not decide whether Highland brought Count I in bad faith. ECF No. 659 at 9-10 (discussing ECF Nos. 210; 188 ¶1(c)).

to show that Mr. Minjares willfully and maliciously misappropriated Highland's trade secrets. The jury found by a preponderance of the evidence that the "Mining Practices processes and methodologies of One Highland, Discovery & Design™ methods, sales presentations with compilations of prior results, pricing formulas, or proprietary Prospectus algorithms" were Highland's trade secrets. ECF No. 228 ¶¶1-6. The jury further found that Mr. Minjares "acquired the information and knew or should have known that the information was acquired by improper means," *Id.* ¶8(a), and that he "knew or should have known he had a duty to maintain the secrecy of the information or limit use of the information." *Id.* ¶8(c). There was also evidence that Mr. Minjares immediately began working for one of Highland's business competitors, servicing a former Highland client on the same project on which Mr. Minjares had been working for Highland. The trade secrets were directly relevant to this project. Highland lost $1,200,000 when the client terminated its relationship with Highland.

Under any of the possible civil legal standards, these facts and findings are sufficient to establish willfulness and malice. As discussed above, a misappropriation is complete when a person obtains a trade secret through improper means in violation of a duty of secrecy. If the person then further uses the trade secret intending or recklessly disregarding that it will cause economic harm to the trade secret owner, it crosses the line into willful and malicious behavior.

c. <u>Prevailing Party</u>

"The question of whether there *must* be a prevailing party is especially germane in the context of mixed judgment cases." *Royal Palm Properties,* 38 F.4th at

1378. In deciding whether Highland qualifies as a prevailing party under the DTSA, there is a preliminary question of how wide a lens to use. Standing alone, Highland prevailed on Count I. It got an enforceable final judgment on the merits that was affirmed on appeal. As discussed above, however, Highland did not prevail on any of the other claims in the lawsuit, all of which were resolved on the merits in Mr. Minjares' favor. Does Highland's prevailing party status depend only on how the DTSA claim was resolved, or must the Court consider the outcome of all claims in the litigation? Neither party addressed this issue.

Based on the facts of *Royal Palm Properties,* I find that the proper analysis is whether Highland was the prevailing party in the lawsuit in total, not merely on the DTSA claim. In *Royal Palm Properties,* the plaintiff sued for trademark infringement under the Lanham Act. The defendant counterclaimed for trademark cancellation and a declaration of non-infringement. Three counterclaims were dismissed with prejudice prior to trial. At trial, plaintiff lost on its infringement claim and defendant lost on its remaining counterclaim.

Defendant "sought costs under Rule 54(d)(1) and 'exceptional case' fees under the Lanham Act, both of which require a finding that [defendant] was the prevailing party." 38 F.4th at 1374. It relied on "its successful defense of [plaintiff's Lanham Act] infringement claim." *Id.* at 1380. The Eleventh Circuit analyzed the totality of the outcome of the litigation in assessing whether fees and costs could be shifted. Because the plaintiff won on defendant's counterclaims, neither side had prevailed. *Id.* at 1381.

*Royal Palm Properties* addressed the situation where neither party prevails. "Adopting a rule that allows room for scenarios where neither party satisfies the 'minimum' alteration-of-the-legal-relationship requirement for prevailing party status makes sense. Nothing in Rule 54, nor in Supreme Court precedent, requires the district court to arbitrarily name a winner in such instances where neither party crosses the threshold to prevailing party status." 38 F.4th at 1379-80. *Royal Palm Properties* did not address the opposite situation — how to select only one prevailing party when both parties have achieved a judicially-sanctioned material alteration in their relationship.

The parties have not cited any cases addressing how the federal law "prevailing party" analysis applies when a party wins on the merits of some claims but loses on the merits of others.[7] The Court's own research shows that it is not uncommon — and within the Court's discretion — to treat neither party as the "prevailing party" when that kind of mixed verdict occurs *See Woods v. On Baldwin Pond, LLC,* No. 13-cv-726-Orl-41DAB, 2016 WL 7325546 (M.D. Fla. Apr. 26, 2016) (collecting cases at *11);

---

[7] This situation is distinguishable from where a litigant is treated as a prevailing party if it obtains a judgment on the merits but does not receive the full remedy it requested, or where an alternative theory of liability was rejected. *See Daniel-Rivera v. Everglades College,* 2017 WL 5195708 (S.D. Fla. June 6, 2017) (J. Snow) (prevailing party did not obtain full remedy); *Head v. Medford, supra* (Government succeeded on one of multiple theories under Fair Housing Act, obtained injunction but no damages).

24

*Pierce Mfg., Inc. v. E-One, Inc.*, No. 8:18-CV-617-TPB-TGW, 2022 WL 479874, at *3 (M.D. Fla. Feb. 16, 2022), *appeal dismissed,* No. 2022-1560, 2023 WL 5955223 (Fed. Cir. Sept. 13, 2023) ($1.45 million jury verdict in mixed verdict patent infringement case; court awarded no prevailing party costs); *San Diego Cty. Credit Union v. Citizens Equity First Credit Union,* No. 18-cv-967-GPC(MSB), 2023 WL 7597630 at *7 (S.D. Cal. Nov. 14, 2023) ("Therefore, because both parties achieved successes and failures, the Court concludes neither party is a prevailing party, and each party shall bear its own attorneys' fees); *Testa v. Village of Mundelein, Ill.,* 89 F.3d 443, 447 (7th Cir. 1996) (affirming trial court's decision requiring each side to bear own costs when jury returned verdicts for both sides); *Estate of Hevia v. Portrio Corp.,* 602 F.3d 34, 46 (1st Cir. 2010) ("In situations in which one party prevails on some claims and the other party prevails on other claims, the litigants are commonly ordered to bear their own costs."); *but see Damian v. Bucks of Am., LLC,* No. 8:21-CV-1999-WFJ-MRM, 2023 WL 7109627, at *1 (M.D. Fla. Oct. 27, 2023); *TransWorld Food Serv., LLC v. Nationwide Mut. Ins. Co.*, No. 1:19-CV-3772-SDG, 2023 WL 2733378, at *2-3 (N.D. Ga. Mar. 30, 2023), *appeal dismissed*, No. 23-11444, 2023 WL 5841944 (11th Cir. Sept. 11, 2023).[8]

---

[8] In *Damian,* a Receiver sought to recoup funds from a third party under state law theories of fraudulent transfer and unjust enrichment. It appears that the unjust enrichment claim sought to recover the same funds as the fraudulent transfer claims. Receiver obtained judgments on the fraudulent transfer claims. On the unjust enrichment claim, she proved that the defendant had been paid more than the value of his services, but could not, as a matter of law, establish unjust enrichment because there was a written contract. *Damian v. Bucks of Am., LLC,* No. 8:21-CV-1999-WFJ-MRM, 2023 WL 5769325, at *10 (M.D. Fla. Sept. 7, 2023). Unlike here, the plaintiff in *Damian* achieved success on all factual claims, it only lost on a parallel legal

Considering the totality of the issues litigated and the results obtained by both parties, neither Highland nor Mr. Minjares is *the* prevailing party. To be clear, I conclude only that under the specific facts of this case the Court should exercise its discretion and find that neither Highland nor Mr. Minjares is entitled to prevailing party fees or costs. I do not hold that there can never be a "prevailing party" if more than one party satisfies the requirements for that status.[9] I am mindful of the concern that under such a rule "courts would constantly find themselves in the position of attempting to determine which party prevailed whenever claims have been dismissed, which would subsume the general prevailing-party rule." *TransWorld Food Service, LLC*, 2023 WL 2733378 at*2.

## V.    APPELLATE FEES AND COSTS

After the mandate issued, Highland moved in the Eleventh Circuit for an award of appellate fees, ECF No. 644-6, to which Mr. Minjares responded, ECF No. 652-5. On October 12, 2023, the Court of Appeals transferred the motion to this Court. 11th Cir. Docket Entry 58 (case number 22-11516).

---

theory. As such, the judgment for the defendant on the unjust enrichment claim did not alter the legal relationship between the parties in the defendant's favor.

[9] I note, however, the following potential logical paradox that could preclude there from being a prevailing party in a split verdict case:

Federal Rules and statutes refer to "the" prevailing party, so, there can either be one or none. But, what if two litigants in the same case satisfy the requirements to be "a" prevailing party (i.e., they obtain a judicially-sanctioned material alteration of the parties' relationship in their favor)?  Can one plus one equal one ("the" prevailing party)? Or, must the answer always be zero (no prevailing party)?

### A. *Appellate Fees*

Highland cannot recover its appellate fees because it was not a prevailing party in the overall litigation.

### B. *Appellate Costs*

#### 1. Legal Principles

If a judgment is affirmed on appeal, "costs are taxed against the appellant." Fed. R. App. P. 39(a)(2). Taxable costs are limited to the preparation and transmission of the record, the reporter's transcript, bond premiums, and the fee for filing the notice of appeal. Fed. R. App. P. 39(e); *Miccosukee Tribe of Indians of Florida v. United States*, No. 04–21448, 2011 WL 13100074, at *2 (S.D. Fla. Aug. 3, 2011) (J. Goodman), *report and recommendation adopted*, 2011 WL 13100075 (S.D. Fla. Aug. 24, 2011) (J. Gold).

#### 2. Parties' Arguments

Highland asks for $1750 for transcripts needed for the appeal. ECF No. 641 at 2; *see* ECF No. 641-1 at 26 (invoice). Mr. Minjares did not object to this cost. ECF No. 643.

### VI.    COLLECTION-RELATED FEES AND COSTS

### A. *Florida Statute 57.115*

#### 1. Legal Principles

Florida Statute §57.115 "allows the discretionary award to a judgment creditor of fees incurred in connection with execution on a judgment." *Tower Cranes of Am., Inc. v. Monte Campbell Crane Co.*, 627 So. 2d 1350 (Fla. Dist. Ct. App. 1993). It says:

(1)   The court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment.

(2)   In determining the amount of costs, including attorney's fees, if any, to be awarded under this section, the court shall consider:

(a)   Whether the judgment debtor had attempted to avoid or evade the payment of the judgment; and

(b)   Other factors as may be appropriate in determining the value of the services provided or the necessity for incurring costs in connection with the execution.

Fla. Stat. §57.115. "A party can try to obtain fees and costs for discovery and collection efforts that are in direct connection to the judgment's execution." *D'Agostino v. Keitel*, No. 18-CV-80460, 2019 WL 5209638, at *4 (S.D. Fla. Sept. 27, 2019) (J. Matthewman), *report and recommendation adopted,* No. 18-MC-80460, 2019 WL 11505325 (S.D. Fla. Oct. 22, 2019). "[T]he consideration under subsection (2) of the statute as to whether the borrower attempted to avoid or evade paying the judgment 'is a consideration for the court as to the amount of fees and costs—not entitlement.'" *Webber for Keitel v. D'Agostino*, 251 So. 3d 188, 192 (Fla. 4th Dist. Ct. App. 2018) *cited in Sullinger v. Sullinger*, No. 6:22-MC-8-RBD-LHP, 2023 WL 3853610, at *2 (M.D. Fla. May 3, 2023), *report and recommendation adopted*, No. 6:22-MC-8-RBD-LHP, 2023 WL 3735730 (M.D. Fla. May 31, 2023).

2.   <u>Parties Arguments</u>

Highland asks for $53,302 in attorneys' fees and $7,833.65 in costs related to seizing and auctioning off cars as part of its collection on the Final Judgment. ECF No. 644 at 16 and 20 (citing ECF No. 644-8 and ECF No. 632). Mr. Minjares says the Court should exercise its discretion and deny any fees because Highland "acted

unreasonably and with knowing disregard as to whether the anticipated financial result justified the seizure and sale of the cars." ECF No. 652 at 17.

3. <u>Analysis</u>

No fees or costs should be awarded for Highland's collection efforts.

In execution of the Final Judgment, Highland obtained writs of execution for 11 vehicles that Mr. Minjares was using to operate a rental car business. ECF Nos. 355, 428-438. When it asked for the writs, Highland was aware that the vehicles were all encumbered by pre-existing liens. ECF Nos. 489-1 at 2-5; 652-1. The United States Marshal seized eight vehicles. *Id.*

Mr. Minjares moved to compel the return of one vehicle that had been leased and for an expedited sale of the remaining seized vehicles. ECF No. 439. The Court issued an Order noting that the vehicles were encumbered and directing Mr. Minjares to file a Verified Notice identifying the amount of the lien on each vehicle. ECF No. 440. The Verified Notice revealed that there were substantial liens on each vehicle. ECF No. 441. The Court then ordered Highland to "provide an assessment regarding the purported available equity in each vehicle (after administrative costs) that could be applied toward the judgment and whether the sale of the vehicles would generate sufficient revenue to justify an auction by the USMS." ECF No. 442. In response, Highland said nothing in Florida law required "an analysis as to whether the equity in the levied upon personal property justifies the sale of same in order for the sale to occur. . . .  In this case, regardless of the equity in the vehicles, Plaintiff is entitled

under [Florida law] to have the vehicles sold and recoup whatever is collected." ECF No. 455 at 6

After further protracted proceedings, some of which were not the parties' fault, the net sales proceeds were $23,195.10. Highland now seeks more than double that amount in attorneys' fees and costs under §57.115.

Even if Highland were entitled to fees, I would reduce that amount to zero based on the factors in Section 57.115(2). Mr. Minjares did not attempt to hide the existence of the vehicles. They were disclosed in his debtor fact information sheet. *See* ECF No. 317 at 5.  Immediately after the seizure, he offered to cooperate in disposing of them. ECF Nos. 439-2, 439-3, 439-5. In response, noting that Mr. Minjares' rental car business was losing money because it lacked the seized vehicles, Highland demanded that Mr. Minjares make a "substantive offer toward payment of the Final Judgment" in excess of the equity in the vehicles. ECF No. 439-4. Given the unlikelihood of any material reduction in the judgment amount, it was unreasonable for Highland to incur the costs in connection with this execution process.

In summary, I exercise my discretion to deny fees or costs related to the execution on the Final Judgment. Highland's decision to pursue the auction of these vehicles consumed substantial assets of the United States Marshal and the Court to collect approximately 2% of the judgment. It appears that Highland's primary purpose in persisting in these efforts was to punish Mr. Minjares or leverage a larger payment on the judgment. Although Highland is correct that it had the right under

Florida law to force a sale regardless of the expected revenue, its pursuit of that result here was unreasonable and should not be compensated.

## VII.   RULE 54 COSTS

Federal law determines the awarding of costs under Rule 54. *E.g., Maletta v. Woodle,* No. 2:20-CV-1004-JES-KCD, 2023 WL 2495808, at *2 (M.D. Fla. Mar. 14, 2023). For the reasons discussed above, neither party is "the prevailing party" for purposes of Rule 54(d)(1), so each side shall bear its own costs.

## **RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court award Highland $1750 for transcripts needed for the appeal and that no other fees or costs be awarded to either party.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 8th day of February 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE